UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IRENE HITE,** | ) | **CASE NO. 4:15CV739** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **TARGET CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #20) of Defendant, Target Corporation, for Summary Judgment.  For the following reasons, the Motion is denied.

## BACKGROUND

On August 19, 2014, Plaintiff (Irene Hite) visited Defendant's (Target Corporation) store ("store"), located on Poland Road in Boardman, Ohio.  After shopping for approximately fifteen minutes, Plaintiff entered an aisle containing, among other things, pet shampoo.  Plaintiff alleges that she left her cart at the end of the aisle and then walked down the length of the aisle. Upon her return toward her cart, Plaintiff alleges that she slipped on a mostly clear liquid and fell, suffering severe injuries.  Plaintiff further alleges that she saw no one in the aisle, saw nothing on the floor of the aisle, heard nothing fall onto the floor of the aisle and did not touch anything on the shelves of the aisle.

Defendant alleges that a Target employee (James Hillyer) had visually inspected the aisle at 5:44 p.m., approximately sixteen minutes before Plaintiff's fall (which occurred around 6:00 p.m.) and found the floor of the aisle clean and clear.  Defendant also alleges that

when Hillyer arrived on scene, he found Plaintiff on the floor, with a bright green bottle of pet shampoo lying nearby. Defendant claims that it had no knowledge, actual or constructive, of the bottle's fall to ground or the spill of shampoo across the aisle floor.

Plaintiff alleges that Defendant had or should have had constructive knowledge of the spilled shampoo. Further Plaintiff alleges that Defendant's policy of inspecting its store spills is inadequate because employees are not sufficiently trained to detect spills, because there is no set schedule of inspecting each aisle of the store for spills and because the floor supervisor at the time of the spill was known by Defendant to be incompetent in regard to keeping his area of the store clean and safe for customers.

Defendant alleges that Plaintiff's injuries stem from slipping on soap spilling from a bright green bottle, an open and obvious hazard, obviating any duty to protect Plaintiff from that particular harm. Defendant also argues that it had no knowledge, actual or constructive, of the spill and as such, it cannot be held liable for Plaintiff's slip and fall.

Plaintiff originally brought suit on March 13, 2015 in the Court of Common Pleas, Mahoning County, Ohio, against Defendant Target Corporation for negligence. Defendant removed the case to federal court on diversity grounds on April 15, 2016. Defendant filed a Motion for Summary Judgment on November 14, 2015.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no

genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).  A fact is material only if its resolution "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir.

1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson*, 477 U.S. at 249-50; and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**B. Slip and Fall Negligence**

To establish actionable negligence, a plaintiff must show the following: the existence of a duty, a breach of that duty and some harm resulting from that breach. *Tarkany v Bd. Of Trustees of Ohio State Univ.,* No. 90AP 1398, 1991 WL 101593, at *1 (Ohio Ct. App. June 4, 1991).

**1. Duty**

Under Ohio law, a shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v Rite Aid Pharmacy, Inc.,* 18 Ohio St. 3d 203, 203, 480 N.E. 2d 474, 475 (1985). A shopkeeper is not, however, an insurer of the customer's safety. *Id.* Further, a shopkeeper is under no duty to protect business invitees from dangers which are known to the invitee nor from dangers that are so obvious and apparent that the invitee may be reasonably expected to discover them and act to protect

herself. *Id.* In other words, the shopkeeper owes no duty to warn invitees of hazardous conditions that are open and obvious. *Kidder v Kroger Co.,* No. 20405, 2004 WL 1802050, at *2 (Ohio App. 2d Dist. Aug. 13, 2004). The rationale behind the open and obvious doctrine is that the open and obvious nature of the hazard serves as a warning, obviating any duty to warn and barring negligence claims for injuries relating to the hazard. *Id.* The analysis of whether or not a hazard is open and obvious may be context specific and will often involve genuine issues of material fact requiring resolution at trial. *Id.*

### a. Defendant's Open and Obvious Defense

Defendant claims that the bottle of pet shampoo was an open and obvious hazard, alleging that the green bottle was clearly visible on the white floor in the photos (Def.'s Mot. Summ. J. Ex. 5-7) taken shortly after the EMTs removed Plaintiff from the scene of the accident. Defendant argues that, as Plaintiff had nothing obstructing her vision (Hite Dep. 39:1 -14, 45:1-18) and the bottle should have been visible, Plaintiff was in the best position to protect herself from the open and obvious hazard and as such, Defendant's duty to protect Plaintiff from this particular hazard was obviated.

Plaintiff claims that she slipped on the nearly clear soap, not on the bottle. Further, Plaintiff claims that the bottle was partially wedged underneath the aisle's shelving, rendering it difficult to see. (Pl.'s Mem. Opp. Ex. 2). Plaintiff also alleges that the photographs offered by Defendant are not of the scene at the time Plaintiff fell; rather, they depict the scene some time later and after numerous people, some employed by Defendant, had unfettered access to the aisle.

The Court finds that, because the evidence offered by the parties presents substantial

disagreement, summary judgment would be inappropriate regarding Defendants open and obvious defense. Instead, this issue should be submitted to a jury in order to resolve genuine questions of material fact.

### 2. Breach

In order for a business invitee to recover for a shopkeeper's breach of duty, one of the following must be established: that Defendant, through its officers or employees, was responsible for the hazard complained of; that at least one of the Defendant's officers or employees had actual knowledge of the hazard and neglected to give adequate warning of its presence or to promptly remove it; or that the hazard had existed for a length of time sufficient to justify the inference that the failure to warn against or remove the hazard was attributable to a want of ordinary care. *Combs v First Natl. Supermarkets, Inc.* 105 Ohio App. 3d 27, 29, 663 N.E. 669, 670 (1995).

When, as here, a plaintiff seeks to recover for a hazard that has existed for a length of time sufficient to give rise to the inference of the defendant's negligence, the plaintiff typically must provide "evidence sufficient to indicate that a dangerous condition has existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Presley v City of Norwood*, 36 Ohio St. 2d 29, 32, 303 N.E. 2d 81, 84 (1973). One exception to this requirement occurs when genuine issues of material fact arise regarding whether or not defendants failed to conduct a reasonable inspection of their property and whether or not defendants have, or should have had, constructive knowledge of the hazard. *Collins v. Emro Mktg. Co.*, No. 98AP 1014, 1999 WL 333298, at *6 (Ohio Ct. App. May 11, 1999).

### a. Plaintiff's Negligence Claim

Plaintiff alleges that the shampoo she slipped on had been on the floor long enough that Defendant should have had constructive awareness of the hazard's existence. While a plaintiff seeking to prove defendant had constructive awareness of a hazard is ordinarily required to provide evidence of how long the hazard existed prior to the accident, Plaintiff instead argues that Defendant's policy of inspecting for hazards is inadequate, both because the employees are inadequately trained to detect spills (Domer Dep. 26:1-3, 29:14-18, 35:9-19) and because there is no fixed schedule of spill inspection throughout Defendant's store (*Id*. at 31:20-25, 34:13-25, 35:1-20). Plaintiff also alleges that Defendant is negligent for retaining an incompetent employee, as Defendant's employee David David had a poor work history of maintaining the store in a safe and clean condition (*Id.* at 82:20-23, 84:13-22, 86:21-87:4) and Plaintiff's injuries stem from an undetected spill in Mr. David's section of store.

Defendant claims that its employee, James Hillyer, walked past the end of the aisle sixteen minutes prior to Plaintiff's accident and saw no evidence of the spill (Hillyer Dep. at ¶4). Defendant argues that, because the aisle was reported clear shortly before Plaintiff's accident, Defendant could not have had constructive awareness of the spill and thus cannot be found to have breached its duty of care towards Plaintiff.

The Court finds that, because the evidence offered by the parties presents substantial disagreement, summary judgment would be inappropriate regarding Plaintiff's negligence claims. Instead, issues of whether Defendant's inspection was reasonable, whether Defendant was negligent in retaining Mr. David, and whether Defendant had constructive knowledge of

the spill should be submitted to a jury in order to resolve the genuine questions of material fact.

### 3. Harm

"To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act." *Strother v Hutchinson*, 67 Ohio St. 2d 282, 287, 423 N.E.2d 467, 471 (1981). In other words, in order to recover for a harm, it must have been reasonably foreseeable that a breach in the ordinary duty of care could result in that type of harm. The parties do not dispute that Plaintiff's injuries stem from her fall in Defendant's store, so regarding this element of Plaintiff's negligence claim, there are no genuine issues of material fact for a jury to resolve.

## CONCLUSION

There are genuine issues of fact that are material to the resolution of the case, specifically, the Defendant's open and obvious defense and the Plaintiff's negligence claims. Therefore, the Motion (ECF DKT #20) of Defendant, Target Corporation, for Summary Judgment is denied.

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **United States District Judge**
**Dated: May 26, 2016**